IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KHALIL MADISON : | |
| : | |
| v. : | |
| : | NO.  13-6622 |
| MICHAEL NUTTER, LOUIS GIORLA, : | |
| JOHN DELANEY, and MICHELE FARRELL : | |
| : | |
| : | |
| NORMA L. SHAPIRO, J. | OCTOBER 16, 2014 |

## MEMORANDUM AND ORDER

Before the court is defendants' motion to dismiss plaintiff's complaint.  Plaintiff Khalil Madison, in custody within the Philadelphia Prison System when he filed this action, alleges he has been housed in an overcrowded cell at both the Curran-Fromhold Correctional Facility and the House of Corrections Facility.  He claims this condition violates his constitutional rights.  Plaintiff brings this action under 42 U.S.C. § 1983.  The court granted plaintiff's application to proceed *in forma pauperis* on March 20, 2014.  On August 8, 2014, the City, on behalf of the named defendants, filed a motion to dismiss.  On September 15, 2014, plaintiff filed a response in which he provides more details about how his constitutional rights were violated and how the defendants had personal involvement in the actions giving rise to the case.

### I.  BACKGROUND

Plaintiff filed a typed complaint alleging counts against four defendants: Mayor Michael Nutter, Commissioner Louis Giorla, and Wardens John Delaney and Michele Farrell.  Plaintiff alleges that during his incarceration within the Philadelphia Prison System he was placed in a three man cell (a two person cell with a plastic boat on the floor for a third inmate) and a four man cell. Plaintiff alleges during his incarceration within the Philadelphia Prison System he was subjected to overcrowded conditions including: inadequate recreational space; poor ventilation and air quality; damaged mattresses and sheets; inadequate laundry access; and failure to train correctional officers

to supervise the overcrowding.  He alleges the third man sleeping on the "boat" positioned next to the cell's toilet was exposed to urine and fecal matter.  He also alleges showers "are covered in black mold and in disrepair, and the cells are infested with insects and rodents."  The complaint further states that due to overcrowding inmates were "subject to constant lockdowns," which prevented him from showering on a daily basis or maintaining an otherwise clean appearance, as well as subjected him to "inadequate medical care, 'risk of serious harm' barring basic 'life necessities' and/or 'human needs' barring him access to the courts and alienating him from his family."  Plaintiff does not allege any personal injury.[1]

Plaintiff filed a typed response to defendants' motion to dismiss asking that the motion be denied.  The response states that in addition to the alleged conditions plaintiff was subject to during his incarceration within the Philadelphia Prison System he detailed in his complaint, his housing in a three-man cell made him unable to perform the Muslim ritual prayer which is performed five times a day.  Plaintiff also alleges he spent a total of approximately eight months in a three-man cell while at the Curran-Fromhold Correctional and House of Corrections facilities, and approximately three months in a four-man cell.  The response alleges the defendants were personally involved in the wrongs by: listing the defendants' job descriptions and asserting that "under color of [state] law[s]" they violated plaintiff's constitutional rights in their respected positions; and the Curran-Fromhold Correctional and House of Corrections facilities "fail[s] to meet federal, state and local requirements and this failure has created the unsanitary, unhealthy, unsafe and substandard living conditions [alleged]."  The response further encourages the court to consider the particular facts of the situation and TO take into account the duration of the deprivations.

---

[1] Under the Prison Litigation Reform Act, an incarcerated plaintiff cannot recover compensatory damages if he has not alleged and proven a substantial physical injury.  28 U.S.C. §1997e(e).

In *Williams v. City of Philadelphia*, Civ. No. 08-1979, Docket No. 87, the court held actions for damages are excluded from the waiver in the settlement agreement between plaintiffs in the class action settlement on behalf of all current and future persons confined in the Philadelphia Prison System. Section X(A) states "plaintiffs do not waive their rights to pursue individual claims for monetary damages under federal or state law." All such actions have been assigned to this court.

## II.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss all or part of an action for failure to state a claim upon which relief can be granted. A complaint must contain sufficient facts that, when accepted as true, state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). A complaint is facially plausible if it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not establish a plausible allegation. *Id.*

## III.  DISCUSSION

Section 1983 provides a remedy for deprivation of rights established in the Constitution or by federal law. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him of a right secured by the Constitution or the laws of the United States. *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006). If a plaintiff brings suit against individual defendants, personal wrongdoing must be shown "through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988). The plaintiff must allege a defendant's personal involvement because a defendant cannot be held liable for a constitutional violation he

did not participate in or approve. *Baraka v. McGreevey,* 481 F.3d 187, 210 (3d Cir. 2007).

Plaintiff's complaint alleges a Section 1983 claim based on his housing in the overcrowded Philadelphia Prison System. The complaint lists several allegations of inadequate or unsafe conditions based on prison overcrowding. The plaintiff does not allege any personal physical injury. Plaintiff is basing his Section 1983 claim on a violation of Fourteenth Amendment due process. The Supreme Court has determined "a detainee may not be punished prior to an adjudication of guilt in accordance with the due process of law."[2] *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

Plaintiff names the Mayor of Philadelphia, the Commissioner of Prisons and the Wardens of the Detention Centers as defendants. Plaintiff has failed to include any allegations that these defendants were personally involved in the alleged deprivation of his constitutional rights. In the "Parties" section of his complaint and in his response, plaintiff names the defendants and their responsibilities. Plaintiff alleges these defendants knew about the general overcrowding conditions in the prisons. But this general knowledge is not sufficient to create an allegation of personal direction or of actual knowledge and acquiescence in plaintiff's alleged individual damages.

Plaintiff also mistakenly believes bringing a claim against the Mayor of Philadelphia is the same as bringing a claim against the City of Philadelphia. The complaint incorrectly states "Defendant Michael Nutter, Mayor of Philadelphia is a municipality, which owns, operates, controls and promulgates policies governing the PPS . . . ." To state a claim against the City of Philadelphia, plaintiff must allege the violation of his constitutional rights was the result of the

---

[2] Plaintiff claims he was subject to the alleged overcrowded conditions while he was a pretrial detainee before he was convicted of any crime.

City's official policy or custom. *See Mulholland v. Gov't Cnty. of Berks, Pa.*, 706 F.3d 227, 238 (3d Cir. 2013). The City cannot automatically be held liable based on the acts of its employees. Instead, "[w]hen a suit against a [city] is based on § 1983, the [city] can only be liable when the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom." *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996). Plaintiff has failed to state any allegation in his complaint that his housing conditions were caused by a policy or a custom of the City. The only facts alleged in the complaint are that he was subjected to overcrowded conditions from being housed in three and four man cells. The complaint fails to state a claim against the City of Philadelphia.

Plaintiff references the Curran-Fromhold Correctional and House of Corrections facilities' failure to meet federal, state, and local requirements. If stated as a separate claim, naming the facilities as parties to the action, the claim would still not be valid since these entities are not "persons" under Section 1983. *Mitchell v. Chester County Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976).

### IV. CONCLUSION

Defendants' motion to dismiss plaintiff's complaint will be granted. An appropriate order follows.